## O. R. OAKLEY v. W. A. RANDOLPH.

CONVERSION OF CHATTELS, *What Constitutes.* Where a person obtains possession of personal property, the legal title and the right of possession of which is in another, without his consent, and then asserts a claim to the property by virtue of a chattel mortgage, and possession thereunder inconsistent with the owner's right of the property, the one holding the legal title and having the right of possession may maintain an action for the conversion of the property.

*Error from Lyon District Court.*

THIS action was brought November 14, 1889, by *W. A. Randolph* against *O. R. Oakley* to recover $500 damages for the wrongful conversion of a mare called the "Quaker Girl." On June 3, 1889, the case was tried by the court with a jury, and a verdict for $400 returned in favor of Randolph. Subsequently, judgment was rendered upon the verdict, with costs against Oakley and in favor of Randolph. Oakley brings the case here.

*E. W. Cunningham,* and *W. T. McCarty,* for plaintiff in error.

*W. A. Randolph,* and *E. S. Waterbury,* for defendant in error.

The opinion of the court was delivered by

HORTON, C. J.: Oakley, the defendant below, alleges two grounds of error in the record. First, that at the time this action was brought he did not have the "Quaker Girl" in his possession, and, therefore, had not wrongfully converted her to his own use; and, second, that the demand for the possession of the mare, made at Emporia, in this state, when she was in Lincoln, Neb., was not a proper or sufficient demand. No objection was made to any of the testimony introduced upon the trial, nor were any of the instructions given to the jury excepted to.

Prior to the 18th of May, 1889, R. Bean, of Emporia, in

this state, was the owner of the "Quaker Girl." Upon that day he executed a bill of sale which, between the parties, may be considered a chattel mortgage, selling and transferring the animal to Randolph. Subsequently, Bean removed the animal to Lincoln, Neb., where Oakley lives. On November 14, 1889, Oakley was at Emporia, where Randolph resides. He came from Nebraska to Emporia to get the horse "Tommy Oakley," and took the animal back with him. He went to Randolph's office at Emporia and informed him that he had traded or sold a horse called "Tommy Oakley" to Bean for $400, and that Bean had left the "Quaker Girl" as security. When Randolph demanded of him the "Quaker Girl" Oakley answered, "If you will give me $150, I will put the mare aboard the cars for you." He said Bean had given a mortgage on her, and he was holding her by virtue of that mortgage, and that he had got the horse he had sold to Bean, and was going to take him home, and if he (Randolph) would pay his expenses, he would send the mare to him.

There is sufficient evidence in the record to show that Bean did not have the title to the "Quaker Girl," or the right to the possession of her, so as to sell or transfer the animal to Oakley or anyone else, after the 18th of May, 1889. From the statements of Oakley, it appears he had control of the animal, and therefore there was sufficient evidence before the jury tending to show he had converted her to his own use. There was a demand for the "Quaker Girl" by Randolph before he commenced this action at Emporia. Oakley did not refuse on account of his want of possession or any agister's lien. He did not offer to turn the animal over to Randolph at Lincoln, where she was. He claimed $150 for her possession, and Randolph offered to compromise by splitting the amount with him, but Oakley would not give up the animal, and Randolph could not make arrangements for him to do so unless he paid the $150. Under the facts disclosed in the record, there was sufficient evidence introduced to sustain the verdict and judgment.

All the Justices concurring.