THE BANK OF TOPEKA AND THE CENTRAL NATIONAL BANK OF TOPEKA v. JOHN G. MILLER *et al.*, *Partners.* [*]

No. 295.

1. CONVERSION — *Defense not Available.* Defendants, apparently having possession and control of the goods of the plaintiff and with full knowledge of all the facts in relation thereto, having refused upon demand of the plaintiffs to surrender the same or permit the plaintiff to take them, and asserting title and right of possession in themselves, cannot, in a subsequent suit by the plaintiff for conversion, assert as a defense that it was not in their

---

[*] Reversed in supreme court, November 5, 1898. See 60th Kan. REP.

power to deliver the goods and that their consent to a removal would not have availed the plaintiff in obtaining possession.

2. SPECIAL FINDINGS— *Inconsistency not Fatal, When.* An immaterial special finding of fact by the jury, upon a question not at issue in the case, inconsistent with all other findings of fact, will not constitute an obstacle to the court's rendering such judgment as is warranted by the special findings of fact upon the issues joined.

Error from Shawnee district court; Z. T. HAZEN, judge.   Opinion filed January 27, 1898.   Modified.

*Gleed, Ware & Gleed, C. Hamilton,* and *Vance & Campbell,* for plaintiffs in error.

*Ellis, Reed, Cook & Ellis,* for defendants in error.

The opinion of the court was delivered by

MAHAN, P. J. : We cannot consider the first, second, third, fourth and sixth assignments of error in this case, for the reason that it does not affirmatively appear by the record that the motion for a new trial was filed in time—that is, at the term of court at which the trial was had and verdict rendered.   No evidence has been offered which we can consider to overcome this difficulty.

The fifth assignment of error can be considered without a valid motion for a new trial, because it raises the question whether the court rendered the proper judgment upon the findings of fact and the undisputed evidence in the case.   This assignment is as follows :

"In sustaining the plaintiff's motion to set aside the general verdict and special finding No. 23½, and rendering judgment on the other special findings."

Special finding No. 23½ is as follows :

"Did defendants, at the time the first demand was made by the plaintiffs for the goods, or at any time thereafter, have possession or control of the goods in

controversy?  A.  No, in reference to those in Guthrie. As to those in Oklahoma City, yes."

This finding is immaterial under the issues made in the case, and could not have been properly considered by the court, even had that defense been made by the answer.  By the answer, the defendants, plaintiffs in error, assert ownership in the goods under a mortgage made by Wolfe & Son, and the only thing that is said in reference to their being unable to deliver the goods at the time demand was made is as follows : " Which said goods were afterwards taken away from this defendant under certain attachment proceedings in the territory of Oklahoma."

This is added to the third count of the answer of the Central National Bank, in which it alleges that, prior to the 19th of December, 1890, it loaned Wolfe & Son $2000, and, to secure the payment thereof and other sums due to other parties, Wolfe & Son transferred and set over to' the defendant, jointly with certain other persons, certain goods, wares and merchandise belonging to Wolfe & Son.

In the fifth clause of this same answer it is alleged that the goods mentioned in plaintiff's petition are a part of the same goods that Wolfe & Son transferred to the bank, and by another clause of the answer the bank alleges that it is the *bona fide* purchaser of these goods.  The answers of the other defendants are practically the same, with the exception of the statement in regard to the goods having been subsequently taken on attachment.

Should we give to this pleading a construction necessary to support the contention of counsel — that finding No. 23½ is a material finding under the issues joined — we would permit the bank to say, " Yes, we had possession of the goods and had a right to them ;

,but if the court should be of the opinion that we did not have a right to them, then we did *not* have them." Such utterly inconsistent averments have no place in a judicial proceeding, and ought not to have.

By the special findings, it appears that there was a demand made for the goods by the plaintiffs' attorney .at the store in Guthrie, Okla., on the 19th of December, 1890, and that on the 22d another demand was made by the defendants in error, at Topeka. In neither instance was any claim made that the plaintiffs in error were unable to deliver the goods. It further appears from the evidence in the record that they knew, at the time the demand was made in Topeka, the exact conditions then existing at Guthrie. There was no suggestion in response to these demands that the goods had been taken away from them, or that they were unable to deliver the goods. The refusal was unqualified, and an assertion was made of an absolute right to the goods under this mortgage. Hence the special finding No. 23½ was not only immaterial under the issues framed, but was such a defense as the plaintiffs in error were precluded from making by reason of the attitude they asserted towards the goods at the time the demand was made upon which this action of conversion is based.

There is no question under the evidence that, at the time the first demand was made, the agents of the plaintiffs, defendants in error, were claiming possession of the goods, notwithstanding the sheriff of Logan county, Oklahoma, was asserting a rightful levy thereon. At that time the plaintiffs in error, through their agents at Guthrie, were engaged in a controversy with the sheriff of Logan county as to who in fact was in possession. This controversy was continued until

the 24th of December.   So that the plaintiffs in error,
at the time they refused to permit the defendants in
error to remove the goods they claimed from the stock,
had full knowledge of all the facts, and were asserting
ownership and possession.

It is argued by counsel for plaintiffs in error that
the district court could not rightfully set aside the
general verdict and special finding No. 23½ in order to
base a judgment on the other special findings in the
case.   They argue that the rule is, that if the special
findings are inconsistent with each other and incon-
sistent with the general verdict a new trial must be
awarded.   The record does not disclose that the court
set aside either the general verdict or special finding
No. 23½.   Indeed, it was not necessary to do either.
The special findings control the general verdict. . Spe-
cial finding No. 23½, as we have said, was immaterial.
It responded to no issue made in the case.   If the fact
disclosed constituted a defense, it had not been made
by the issues joined.   The plaintiffs in error were not
in a position to assert such a defense.   All of this is
disclosed by the admissions of record, the special find-
ings of the jury, and the uncontradicted evidence in
the case.

The other special findings of the jury sustain the
judgment of the court.   It was stipulated in the
course of the trial that, as against Wolfe & Son, the
plaintiffs had a right to recover.   The special find-
ings of the jury are in effect that, at the time the de-
mand was made of the plaintiffs in error for the
goods, there was, in the stock then being so claimed
by them under their mortgage, goods of Miller & Co.
to the value of $1400 ; that demands were made on
the 19th of December, at Guthrie, Okla., of the agents
of the plaintiffs in error, for permission to remove the

goods from the stock, which was refused ; that on the 22d demands for permission to remove these goods from the stock were likewise made in writing, with a description of the goods, of the Bank of Topeka, of the Central National Bank, and of the defendant Clark, at Topeka, Kan., and that these demands were likewise refused, and a claim asserted as the ground of refusal that the defendants had a chattel mortgage upon the goods and were entitled to hold possession under the mortgage ; that there was a subsequent demand made on the 24th of December, at Guthrie, of the agents of the plaintiffs in error, which was likewise refused ; and that all of these refusals were based upon a claim of right under the chattel mortgage.

By finding No. 18, the jury say that, without the consent of the plaintiffs in error, the plaintiffs at the time these demands were made could not have procured their goods, even with the consent of the sheriff, who was then contesting with the plaintiffs in error for the possession of the goods, and even with the consent of the United States marshal, who was in the store at the time selecting goods for another creditor, who was asserting a like right of rescinding a sale and delivery.

It seems to be a well-settled principle of law that a party cannot base a refusal to surrender personal property, when demand is rightfully made of him by the true owner, upon a paramount right of unqualified property and possession, and when he is sued for conversion then defend upon the ground that he had not the possession at the time the demand was made, and could not deliver. One position is inconsistent with the other. It is so held in *Oakley v. Randolph,* 54 Kan. 779 ( 39 Pac. Rep. 699 ).

Upon the admission of plaintiffs in error, the special findings of the jury, and the evidence contained in the record, the judgment is not only well supported but it is evidently correct and just. It is immaterial that others were engaged, as well as the plaintiffs in error, in contesting the right of the plaintiffs, John G. Miller & Co. It is immaterial that others might have been liable to them for the value of their goods by reason of their conduct with respect thereto, or that others were jointly liable with the plaintiffs in error under the mortgage, which expressly enumerates items of indebtedness to several different persons other than the plaintiffs.

With a knowledge of all the facts, the defendants elected to assert their unqualified right to the goods and to their possession as against the plaintiffs, not only at the time the matter was first presented to them for their consideration, but continuously, both by their pleadings and by their evidence, and they must abide now by that election.

The defendants file a cross-petition in error, in which they assign as error that the court refused to allow them interest on the value of the goods from the time demand was made to the rendition of the verdict. There can be no question that, if there was a conversion of the goods at that time, the proper measure of damages would be the market value of the goods at the time, with interest thereon from the time of the conversion, and the court should have allowed interest. There can be no doubt, under the findings of fact and the evidence in the case, that there was a conversion on the 22d of December, 1890, and interest to the date of the verdict, at the rate then allowed by law, should be awarded to the defendants in error.

The judgment of the district court will be modified to this extent, and as so modified will be affirmed.